Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br><br>CARLOS VARGAS FIGUEROA<br><br>Peticionario | KLAN202500095 | *Apelación* acogida como ***Certiorari*** procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: ISCR201600376 ISCR201600377 ISCR201600378<br><br>Sobre: Art. 93 Primer Grado Art. 5.05 L. A. (Dos Casos) |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 26 de febrero de 2025.

El 6 de febrero de 2025 se recibió en este Tribunal de Apelaciones, escrito intitulado *Moción: En Solicitud de Revisión y Revocación*[1] suscrito por el señor Carlos E. Vargas Figueroa (en adelante, señor Vargas Figueroa o parte peticionaria), el 3 de febrero de 2023.

Mediante el aludido escrito, la parte peticionaria nos solicita que revisemos y revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia el 16 de enero de 2025, con relación a la designación de abogado de la licenciada Carmen M. Luna Padilla, de la División de Apelaciones de la Sociedad para la Asistencia Legal,

---

[1] Se acoge el recurso como un *certiorari,* por ser lo procedente en derecho. No obstante, por economía procesal, se mantiene inalterada su identificación alfanumérica.

Número Identificador

RES2025 _____

alegadamente respecto a su solicitud de relevo de representación legal[2].

**I**

Del recurso que nos ocupa surge que, en el año 2016, el señor Vargas Figueroa "se acogió a una Regla 72 por recomendación de su representación legal original de su caso de epígrafe, la licenciada Vanesa Gordils Vázquez la cual labora para la Sociedad para la Asistencia Legal de Mayagüez, este caso se clasificó a asesinato atenuado 15 años y 3 ½ por el Art. 5.05 L.A. (2 cargos) a un total de 18 años y medio, pues, el 31 de agosto de 2016 fue su sentencia."

Arguye la parte peticionaria que ha hecho un sinnúmero de escritos en los que ha alegado que se le violaron sus derechos constitucionales.

En su recurso, señor Vargas Figueroa esbozó los siguientes señalamientos de error:

1) Erró el T.P.I. en no considerar que el apelante está privado de su libertad y es indigente.

2) Erró también este al no considerar que el apelante tiene derecho según la constitución de P.R. y de los Estados Unidos de América a tener abogado en apelación.

3) Erró también porque desde el año 2009 el apelante está reclamando la violación del debido proceso de ley en su caso de epígrafe.

4) Erró este Hon. T.P.I. al tampoco considerar que las dos únicas representaciones legales que aceptaron el caso de epígrafe no han solicitado ni la regrabación de los procedimientos y tampoco la transcripción de la misma.

5) Erró el Hon. T.P.I. al no haber examinado el récord del apelante.

6) Erró también este Hon. T.P.I. al no examinar lo dicho anteriormente por el apelante, que la vista preliminar no procede en derecho según la Regla 64 y sus incisos.

7) Erró el Hon. T.P.I. al aceptar el relevo de la Lcda. De la División de Remedios pos[t]-sentencia.

---

[2] La parte peticionaria alega que el foro primario nunca le notificó el escrito de relevo.

8) Erró también este Hon. T.P.I. al dejar al apelante sin representación legal y discriminar por ser autista.

Por no entenderlo necesario, prescindimos de la comparecencia de la parte recurrida.[3]

## II

### A. *Jurisdicción*

Nuestro Tribunal Supremo ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA,* 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles,* 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra,* 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v Madera Atiles,* supra, pág. 500; *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio,* ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v Oriental Bank,* 204 DPR 374 (2020); *Torres Alvarado v. Madera Atiles,* supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.,* 164 DPR 663, 674 (2005). Un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos. *Íd.*; *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014); *Suffront v. A.A.A.,* supra, pág. 674.

---

[3] A virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este Tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

### B. Perfeccionamiento de Recursos Apelativos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011), pág. 290; *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). El Alto Foro ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, supra, pág. 290. Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Íd.*; *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998).

Por otro lado, la Regla 34(E)(1) de nuestro Reglamento[4], dispone que la inclusión de un apéndice debe contener, entre otros, los siguientes requisitos:

(E)   Apéndice

---

[4] 4 LPRA Ap. XXII-B, R. 34(E)(1).

(1) Salvo lo dispuesto en el apartado (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

[. . .]

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, [. . .].

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari* y la notificación del archivo en autos de copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Con respecto a los apéndices incompletos, nuestra Máxima Curia ha expresado lo siguiente: [D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos **cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**. (Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007).

En cuanto al perfeccionamiento de los recursos, nuestra última instancia judicial ha resuelto expresamente que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales. *Febles v. Romar*, 159 DPR 714 (2003).

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal

de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

Finalmente, la Máxima Curia expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[5] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[6]

### C. Recurso tardío

Por otro lado, nuestro Tribunal Supremo ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *MMR Supermarket v. Mun. de San Lorenzo*, 210 DPR 271, 289 (2022); *Báez Figueroa v. Administración de Corrección*, 209 DPR 288, 298 (2022); *AFI v. Carrión Marrero*, 209 DPR 1, 4-5 (2022); *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015). Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *MMR Supermarket v. Mun. de San Lorenzo*, supra; *Báez Figueroa v. Adm. Corrección*, supra, pág. 299; *AFI v. Carrión Marrero*, 209 DPR 1, 4 (2022).

---

[5] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[6] *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

Un recurso *tardío* es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. *MMR Supermarket v. Mun. de San Lorenzo*, supra. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[7], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado.

De entrada, debemos señalar que el recurso ante nuestra consideración es uno defectuoso, toda vez que, el mismo carece de una exposición cronológica de los eventos procesales y fácticos pertinentes. Además, el recurso no contiene un apéndice completo con una enumeración de todos aquellos escritos presentados, así

---

[7] 4 LPRA Ap. XXII-B, R. 83.

como los dictámenes del foro *a quo* pertinentes y que nos permitan auscultar a cabalidad nuestra jurisdicción.

Dicho lo anterior, al examinar el recurso y los escasos anejos unidos al mismo, nos percatamos de que el dictamen impugnado fue emitido el **20 de noviembre de 2024**[8]. En lo particular, en la aludida fecha, el foro primario resolvió y citamos:

Atendido el documento titulado ***Moción Informativa***[9], presentado, el Tribunal dispone lo siguiente:

> Se toma conocimiento. Examinado el expediente y no existiendo en el mismo trámite alguno que no se haya adjudicado a este momento, se releva a la División de Apelaciones de la Sociedad para la Asistencia Legal. Por consiguiente, no se le designará abogado en este momento.

**NOTIFÍQUESE.**

De una búsqueda realizada a través de Consulta de Casos del Poder Judicial surge que el 2 de enero de 2025, el señor Vargas Figueroa interpuso ante el foro primario *Moción en Solicitud de Reconsideración.*

Con posterioridad, el 16 de enero de 2025, la primera instancia judicial, al atender dicha *Moción en Solicitud de Reconsideración*[10], reiteró que había emitido una *Resolución* el 20 de noviembre de 2024.

Al revisar el trámite procesal del caso, según se desprende de los escasos y escuetos anejos que se incluyeron con el recurso, colegimos que, la parte peticionaria presentó la solicitud de reconsideración fuera del término para ello, por lo cual, la misma no tuvo efecto interruptor alguno. Por consiguiente, concluimos que, el recurso fue presentado de forma tardía, razón por la cual carecemos de jurisdicción para entender en el mismo.

---

[8] Notificada el 11 de diciembre de 2024.
[9] El referido escrito no fue incluido como anejo al recurso.
[10] La aludida moción de reconsideración tampoco fue anejada al recurso, por lo que desconocemos si fue presentada oportunamente.

**IV**

En consecuencia, procedemos a desestimar el recurso de *certiorari* de epígrafe, de conformidad con la Regla 83(C) del Reglamento de este Tribunal[11], por carecer de jurisdicción para entender en el mismo.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] 4 LPRA Ap. XXII-B, R. 83 (C).